UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


EARL B. YOUNG (#105511)

VERSUS                                                      CIVIL ACTION

CORNEL HUBERT, ET AL                             NUMBER 07-644-JJB-DLD

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 22, 2008.

                                   **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


EARL BLAKE YOUNG (#105511)

VERSUS                                                                  CIVIL ACTION

CORNEL HUBERT, ET AL                                   NUMBER 07-644-JJB-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 12. The motion is not opposed.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel Hubert, Capt. Chandra Jackson, Maj. Donald Johnson, Sgt. Reginald Kelly and Maj. Randell Escue. Plaintiff alleged that Capt. Jackson sprayed him with tire gas mace in violation of his constitutional rights.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b), Fed.R. Civ. P.[1]

**A.    Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions

---

[1] Capt. Chandra Jackson did not participate in the defendants' motion to dismiss although she was served with the summons and complaint on October 26, 2007. Record document number 11.

> under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 12(b)(6), Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In *Bell Atl. Corp. V. Twombly*, — U.S. —, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *id.* at 1965 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. V. Twombly*, 127 S,.Ct. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there was no "probability requirement at the pleading stage," *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, but "something beyond ... mere possibility ... must be alleged," *id.* at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id.* at 1965, or must be sufficient "to state a claim for relief that is plausible on its face," *id.* at 1274. The Court

referred to this newly-clarified standard as "the plausibility standard." *id.* at 1968 (abandoning the "no set of facts" language from *Conley v. Gibson*).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. at 2200; *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965.

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

**Eleventh Amendment Immunity**

Defendants moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989),

makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, the plaintiff did not seek prospective injunctive relief therefore his claims against the defendants in their official capacities is not actionable under § 1983.

### Excessive Force Claim Barred by *Heck*

Defendants argued that the plaintiff's excessive force claim is barred by the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Specifically, defendants argued that the plaintiff was found guilty of three disciplinary infractions as a result of the June 8, 2007 incident and was sentenced to 20 days in extended lockdown and the loss of four weeks telephone privileges. Defendants argued that because the plaintiff's § 1983 excessive force claim, if successful, would invalidate the decision of the disciplinary board regarding the disciplinary charges the claim is barred under *Heck*.

A review of the complaint showed that the plaintiff alleged that he was placed in administrative segregation on June 8, 2007, but failed to make any allegations regarding

4

the issuance of a disciplinary report.

On a motion to dismiss the court cannot resolve the disputes between the parties regarding the justification for issuing the disciplinary reports, i.e. what really happened during the June 8 incident. The court must accept as true the plaintiff's version of the events.

The complaint does not contain sufficient allegations to address the defendants' *Heck* argument in a Rule 12(b) motion to dismiss.[2]

---

[2] Even assuming that the plaintiff had alleged that he was issued three disciplinary reports for which he was found guilty by a disciplinary board and sentenced to 20 days in extended lockdown and a loss of telephone privileges, the defendants' *Heck* argument would nonetheless be without merit.

*Heck* provides that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. The Supreme Court has applied the *Heck* analysis to claims made by prisoners challenging prison disciplinary proceedings that result in a change to the prisoner's sentence, such as the loss of good time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-649, 117 S.Ct. 1584, 1586-89 (1997). However, *Heck* is not categorically applicable to all suits challenging prison disciplinary actions.

In *Muhammad v. Close* a prisoner filed a § 1983 action against a prison official, alleging that the official had charged him with threatening behavior and subjected him to mandatory pre-hearing lockup in retaliation for prior lawsuits and grievance proceedings the prisoner had filed against the prison official. *Muhammad v. Close*, 540 U.S. 749, 753-54, 124 S.Ct. 1303, 1305-06 (2004)(per curiam). The district court entered summary judgment in favor of the prison official, holding that the prisoner failed to come forward with sufficient evidence of retaliation. *Id*. The Sixth Circuit Court of Appeals upheld the dismissal of the suit on different grounds. The appellate court concluded that the action was barred by *Heck*. *Id*. at 753, 124 S.Ct. at 1306. The Supreme Court reversed, holding that because the magistrate judge expressly found no good-time credits were affected by the actions challenged in the law suit, the prisoner's § 1983 claims could not be "construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence." *Id*. at 754-55, 124 S.Ct. at 1306.

The same is true in this case. Plaintiff did not allege, nor did the defendants argue, that the disciplinary charges against the plaintiff resulted in a forfeiture of any good time

(continued...)

**Qualified Immunity**

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a

---

[2](...continued)
credits or otherwise affect the length of the plaintiff's prison sentence. Moreover, nothing in the record suggests that the plaintiff's excessive force claim, if successful, would result in any direct or indirect change in the length of his term of imprisonment. Consequently, *Heck* does not apply in this case.

reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

Plaintiff alleged that on June 8, 2007, Capt. Jackson ordered the inmates to line up for roll call. Plaintiff alleged that he moved to the exit to locate someone he could line up with when Capt. Jackson asked him where he was going. Plaintiff alleged that Capt. Jackson spoke to him in a disrespectful tone and used vulgar language in addressing him. Plaintiff alleged that he told Capt. Jackson not to speak to him in that manner. Plaintiff alleged that Capt. Jackson ordered him to pack his belongings and then Maj. Johnson escorted the plaintiff to administrative segregation where he was placed in a holding cell. Plaintiff alleged that Sgt. Kelly ordered the plaintiff to remove all of his clothing and left the plaintiff naked in the holding cell. Plaintiff alleged that Capt. Jackson came to the holding cell and sprayed him with a chemical irritant. Plaintiff alleged that Maj. Johnson handed Capt. Jackson another can of the chemical agent and she sprayed him again and then closed the holding cell door. Plaintiff alleged that Sgt. Kelly told Capt. Jackson that the plaintiff was kicking for air but Sgt. Kelly, Capt. Jackson and Maj. Johnson did nothing to assist him. Plaintiff alleged that he was treated at the infirmary following the incident. Plaintiff alleged that he sustained burning eyes and chest pain as a result of the incident.[3]

---

3

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff's allegations in the complaint are sufficient to state an Eighth Amendment excessive force claim upon which relief can be granted against defendants Capt. Jackson, Maj. Johnson, and Sgt. Kelly. Plaintiff alleged that they jointly participated in the unprovoked and unjustified use of a chemical irritant. Their actions caused the plaintiff to sustain injuries, including burning eyes and chest pain.

Although the plaintiff named Warden Hubert and Maj. Escue as defendants, he failed

to allege any facts against them. Plaintiff's allegations do not contain "grounds" of his "entitlement to relief" and are not "enough to raise a right to relief above the speculative level" against Warden Hubert and Maj. Escue.

Defendants moved to dismiss the plaintiff's claims regarding verbal abuse, property confiscation and a denial of medical treatment. After careful review of the plaintiff's complaint the court cannot conclude that the plaintiff actually made a claim regarding verbal abuse, property confiscation or a denial of medical treatment.

Defendants argued that the plaintiff cannot recover for mental anguish, emotional distress or humiliation. This argument is premised on the belief that the plaintiff suffered no physical injury. However, the court must accept as true, for the purposes of this motion to dismiss, the plaintiff's allegations of actual injuries inflicted by the defendants. Therefore, the defendants' argument must be rejected.

Defendants' argued that the plaintiff cannot recover punitive damages from them. Again, they are wrong. Plaintiff may recover punitive damages from the defendants sued in their individual capacity, providing he proves that they acted with malice or willfulness or with callous and reckless indifference to the safety or rights of the plaintiff. *Campbell v. Miles*, 228 F.3d 409 (2000); *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994). Plaintiff's allegations are sufficient to meet this standard.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted as to defendants Cornel Hubert and Randell Escue and the claims against them be dismissed. It is further recommended that in all other respects the defendants' motion to dismiss be denied and this matter be referred back to the magistrate

judge for further proceedings.

Signed in Baton Rouge, Louisiana, on April 22, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**