UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL B. YOUNG (#105511)

VERSUS                                                          CIVIL ACTION

CORNEL HUBERT, ET AL                                  NUMBER 07-644-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _____November 25_____, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL BLAKE YOUNG (#105511)

VERSUS                                                      CIVIL ACTION

CORNEL HUBERT, ET AL                            NUMBER 07-644-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's motion for summary judgment. Record document number 28. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel Hubert, Capt. Chandra Jackson, Maj. Donald Johnson, Sgt. Reginald Kelly and Maj. Randell Escue. Plaintiff alleged that Capt. Jackson sprayed him with a chemical agent in violation of his constitutional rights.[2]

Plaintiff moved for summary judgment relying on a statement of undisputed facts, a copy of his medical records and a copy of the Warden's Unusual Occurrence Report.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would

---

[1] Record document number 29.

[2] Plaintiff's claims against Warden Hubert and Maj. Escue were previously dismissed. Record document number 19.

be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff alleged that on June 8, 2007, Capt. Jackson ordered the inmates to line up for roll call. Plaintiff alleged that he moved to the exit to locate someone he could line up with when Capt. Jackson asked him where he was going. Plaintiff alleged that Capt. Jackson spoke to him in a disrespectful tone and used vulgar language in addressing him. Plaintiff alleged that he told Capt. Jackson not to speak to him in that manner. Plaintiff alleged that Capt. Jackson ordered him to pack his belongings and then Maj. Johnson escorted the plaintiff to administrative segregation where he was placed in a holding cell. Plaintiff alleged that Sgt. Kelly ordered the plaintiff to remove all of his clothing and left the plaintiff naked in the holding cell. Plaintiff alleged that Capt. Jackson came to the holding cell and sprayed him with a chemical agent. Plaintiff alleged that Maj. Johnson handed Capt. Jackson another can of the chemical agent and she sprayed him again and then closed the holding cell door. Plaintiff alleged that Sgt. Kelly told Capt. Jackson that the plaintiff was kicking for air but Sgt. Kelly, Capt. Jackson and Maj. Johnson did nothing to assist him. Plaintiff alleged that he was treated at the infirmary following the incident. Plaintiff alleged that he sustained burning eyes and chest pain as a result of the incident.

Defendants offered a different version of events. Defendants asserted that on June 8, 2007, Capt. Jackson ordered the plaintiff to line up during morning roll call.[3] Plaintiff cursed Capt. Jackson, threatened to punch her in the face and refused to place his hand

---

[3] Affidavit Chandra Jackson.

behind his back.[4] Maj. Johnson restrained the plaintiff and escorted him to administrative lockdown.[5] While in administrative lockdown the plaintiff created a disturbance by racking his cell bars.[6] Plaintiff was repeatedly ordered to cease the disturbance and come to the cell bars to be restrained.[7] When the plaintiff refused to comply with his orders, Maj. Johnson sprayed the plaintiff with a chemical agent.[8] Plaintiff was examined by medical personnel following the incident.[9]

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).

---

[4] *Id.*

[5] *Id.*

[6] Affidavit Donald Johnson.

[7] *Id.*

[8] *Id.*

[9] *Id.*

The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

There are material facts in dispute regarding whether the plaintiff sustained an injury, the need for the application of force, the relationship between the need and use of force, the threat perceived by the official, and efforts made to temper the severity of the response. *See Hudson*, 503 U.S. at 6-7, 112 S.Ct. at 998-999. Summary judgment is inappropriate.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, _November 26_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE