UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL B. YOUNG (#105511)

VERSUS                                                                  CIVIL ACTION

CORNEL HUBERT, ET AL                                      NUMBER 07-644-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 3, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL BLAKE YOUNG (#105511)

VERSUS                                                    CIVIL ACTION

CORNEL HUBERT, ET AL                          NUMBER 07-644-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.[1]  Record document numbers 42 and 46.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel Hubert, Capt. Chandra Jackson, Maj. Donald Johnson, Sgt. Reginald Kelly and Maj. Randell Escue. Plaintiff alleged that Capt. Jackson sprayed him with a chemical agent in violation of his constitutional rights.[2]

Defendants moved for summary judgment relying on a statement of undisputed

---

[1] An order was issued on January 25, 2010, record document number 44, placing the parties on notice that the defendants' motion to dismiss was to be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P.  Defendants were granted until February 9, 2010, to supplement the motion for summary judgment.  On February 3, 2010, the defendants supplemented the motion for summary judgment.  Record document number 46.  Plaintiff was granted until February 26, 2010, to oppose the defendants' motion for summary judgment.  Plaintiff did not oppose either motion.

[2] Plaintiff's claims against Warden Hubert and Maj. Escue were previously dismissed.  Record document number 19.

facts, and the results of Administrative Remedy Procedure (hereinafter ARP) EHCC-2007-883, a true copy of which was previously filed in the record.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  *Johnson v. Johnson*, 385 F.3d

503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

### ARP EHCC-2007-883

Plaintiff alleged that on June 8, 2007, Capt. Jackson ordered the inmates to line up for roll call. Plaintiff alleged that he moved to the exit to locate someone he could line up with when Capt. Jackson asked him where he was going. Plaintiff alleged that Capt. Jackson spoke to him in a disrespectful tone and used vulgar language in addressing him.

Plaintiff alleged that he told Capt. Jackson not to speak to him in that manner. Plaintiff alleged that Capt. Jackson ordered him to pack his belongings and then Maj. Johnson escorted the plaintiff to administrative segregation where he was placed in a holding cell. Plaintiff alleged that Sgt. Kelly ordered the plaintiff to remove all of his clothing and left the plaintiff naked in the holding cell. Plaintiff alleged that Capt. Jackson came to the holding cell and sprayed him with a chemical agent. Plaintiff alleged that Maj. Johnson handed Capt. Jackson another can of the chemical agent and she sprayed him again and then closed the holding cell door. Plaintiff alleged that Sgt. Kelly told Capt. Jackson that the plaintiff was kicking for air but Sgt. Kelly, Capt. Jackson and Maj. Johnson did nothing to assist him. Plaintiff alleged that he was treated at the infirmary following the incident. Plaintiff alleged that he sustained burning eyes and chest pain as a result of the incident.

The summary judgment evidence showed that the plaintiff filed an emergency administrative grievance to Secretary Stalder. The administrative grievance was assigned the number ARP EHCC-2007-883 and on June 29, 2007, it was rejected on the grounds that the plaintiff failed to follow proper procedure. Specifically, the emergency grievance should have been sent to the shift supervisor rather than Secretary Stalder.[3]

The summary judgment evidence showed that ARP EHCC-2007-833 was rejected on the grounds that the plaintiff failed to comply with established rules and procedures for seeking administrative review of an emergency administrative grievance as is required by the prison rule book.[4]

---

[3] Defendants' exhibit A, record document number 46-3, p. 3.

[4] *Id*.

The summary judgment evidence showed that the plaintiff failed to exhaust proper administrative remedies regarding the claims raised in the complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies be granted and this action be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the claims in forma pauperis status.[5]

Signed in Baton Rouge, Louisiana, on March 3, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[5] *Underwood v. Wilson*, 151 F.3d at 296.